# IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW MEXICO

IN RE:                                          §
                                                §   CASE NO. 11-13686-JA
                                                §
OTERO COUNTY HOSPITAL                           §
ASSOCIATION, INC. (d/b/a Gerald                 §
Champion Regional Medical Center),              §
                                                §
                        Debtor.                 §

## APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF
## GARDERE WYNNE SEWELL LLP AS COUNSEL TO THE OFFICIAL COMMITTEE
## OF UNSECURED CREDITORS EFFECTIVE AS OF SEPTEMBER 2, 2011

The Official Committee of Unsecured Creditors (the "**Committee**") appointed in the cases of the above-captioned-debtors (the "**Debtors**") hereby files this *Application for Order Authorizing Employment of Gardere Wynne Sewell LLP as Counsel to the Official Committee of Unsecured Creditors Effective as of September 2, 2011* (the "**Application**"). In support of the Application, the Committee states as follows:

## I.
## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter concerns the administration of these bankruptcy estates; accordingly, it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). The predicates for relief requested herein are 11 U.S.C. §§ 105, 327, 330 and 1103, and Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") 2014(a) and 2016(b).

APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF
GARDERE WYNNE SEWELL LLP AS COUNSEL TO THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS EFFECTIVE AS OF SEPTEMBER 2, 2011 — PAGE 1 OF 9

DALLAS 2262831v.1

2.    Pursuant to the United States District Court for the District of New Mexico's Local Rule 2090-1.1, Gardere filed its Motion to Appear Pro Hac Vice (the "**Pro Hac Motion**") on September 7, 2011.  The Pro Hac Motion is currently pending.

## II.
## BACKGROUND

3.    On the August 16, 2011 (the "**Petition Date**"), the Debtors filed a voluntary petition for relief under Title 11 of the United States Code (the "**Bankruptcy Code**").

4.    The Debtors have continued in possession of their properties and are operating and managing their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.    On September 1, 2011 the Committee was appointed in these cases.  The Committee is comprised of the following members: EMCARE, Inc., Energy Control, Inc., Universal Hospital Services, Inc., Milestone Healthcare, Inc. and Cardinal Health.

## III.
## RELIEF REQUESTED

6.    The Committee desires to employ and retain Gardere as its counsel in these cases pursuant to sections 105, 327, 330, and 1103 of the Bankruptcy Code.  It is essential for the Committee to employ Gardere to help the Committee fulfill its duties and obligations to the unsecured creditors.  Concurrently with the filing of this Application, Gardere is filing the *Affidavit of Deirdre B. Ruckman in Support of the Application for Order Authorizing Employment of Gardere Wynne Sewell LLP as Counsel to the Official Committee of Unsecured Creditors Effective as of September 2, 2011* (the "**Affidavit**").  (The Affidavit is also attached hereto as Exhibit A.)

**APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF
GARDERE WYNNE SEWELL LLP AS COUNSEL TO THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS EFFECTIVE AS OF SEPTEMBER 2, 2011 — PAGE 2 OF 9**

DALLAS 2262831v.1

7.      The Committee believes that Gardere has considerable experience in matters of this character and that, given Gardere's expertise in bankruptcy and other general business and corporate law, is well qualified to represent it in and with these cases.

8.      Additionally, the Committee wishes to retain Gardere effective as of September 2, 2011.  The decision to retain Gardere was made on this date, and Gardere has expended considerable time and effort since this time familiarizing itself with the details of these cases.

## IV.
## SCOPE OF SERVICES TO BE PROVIDED AND TERMS OF ENGAGEMENT

9.      The Committee contemplates utilizing Gardere to provide, among others, the following professional services:

    a.    Advise the Committee on its rights, obligations, and powers in these cases and as required by section 1103 of the Bankruptcy Code;

    b.    Appear before this Court and others on the Committee's behalf on all matters involving these bankruptcy estates, the Committee, or these cases;

    c.    Prepare and file for the Committee all necessary applications, motions, pleadings, orders, reports and other legal papers, and appearing on the Committee's behalf in proceedings instituted by, against, or involving the Debtors, the Committee, or these cases;

    d.    Represent the Committee on any potential claim against or by third parties;

    e.    Assist the Committee in investigating and analyzing the acts, liabilities, and financial condition of the Debtors, the Debtors' assets and business operations, including disposition of those assets, and any other matters relevant to these cases and the interests of unsecured creditors;

    f.    Assist the Committee in the examining claims filed against the Debtors to determine whether any asserted claims are objectionable or otherwise improper;

APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF
GARDERE WYNNE SEWELL LLP AS COUNSEL TO THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS EFFECTIVE AS OF SEPTEMBER 2, 2011 — PAGE 3 OF 9

DALLAS 2262831v.1

g.    Assist the Debtors in developing a plan of reorganization or liquidation (the "**Plan**") and in preparing an accompanying disclosure statement, any amendments to the Plan or disclosure statement, and any related agreements and/or documents;

h.    Advise the Committee on any potential sale or other disposition of any estate asset;

i.    Assist the Debtors in any potential sale of other disposition of any estate asset;

j.    Consult with the Debtors, their representatives, and professionals regarding the administration of these cases; and

k.    Perform all other legal services necessary for and requested by the Committee in connection with these cases and the Committee's duties therein.

10.    Subject to Court approval, Gardere will charge the Committee for its professional services as follows:

a.    Gardere will charge its standard hourly rates during this engagement, which are presently as follows:

| | |
|---|---|
| Partners | $380 to $815 |
| Associates | $195 to $445 |
| Paraprofessionals | $105 to $220 |

b.    The hourly rates set forth above are the standard hourly rates charged by Gardere with its other clients.  These rates are set at a level designed to fairly compensate Gardere for the work of its service team and to cover fixed and routine overhead expenses.  These rates set forth above are subject to periodic adjustments to reflect economic and other conditions.  Gardere adjusts its hourly rates on April 1 of each year.  Other attorneys and paralegals employed by Gardere, in addition to those identified below, may from time to time serve the Committee with the matters described herein.

**APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF**
**GARDERE WYNNE SEWELL LLP AS COUNSEL TO THE OFFICIAL COMMITTEE**
**OF UNSECURED CREDITORS EFFECTIVE AS OF SEPTEMBER 2, 2011 — PAGE 4 OF 9**

DALLAS 2262831v.1

c.    Gardere's primary team on this particular engagement will be Deirdre Ruckman ($655/hour), Holland O'Neil ($645/hour), Evan Baker ($230/hour), and Sharon Hawthorne ($185/hour).  From time to time, additional support may be periodically provided to the Committee by other employees and partners of Gardere at standard rates noted above.  Gardere will not charge for travel time from Dallas, Texas to Albuquerque, New Mexico unless the attorney is otherwise working on the case.  All hourly rates charged by Gardere are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged for cases of this size and complexity.

d.    In addition to the compensation for services rendered, Gardere shall be reimbursed for all reasonable out-of-pocket expenses incurred relating directly to work performed for the Committee in these cases.  Examples of such expenses include travel, lodging, meals, equipment and vehicle rental, clerical supplies and services, and telephone, fax and photocopy charges.  Gardere charges only the amount actually incurred by it in connection with such items.[1]

e.    To ensure compliance with all applicable deadlines and exigencies in these complex cases, Gardere will from time to time utilize the services of overtime secretaries and may seek reimbursement for the same.  Gardere does not charge for secretarial and word-processing expenses incurred during the normal working day.

f.    Gardere shall seek compensation of its fees and expenses on an interim and final basis in accordance with section 330(a), the local rules of this Court, and other applicable orders of the Court.

g.    Gardere will keep track of its billings on a tenth-of-an-hour basis with time charges allocated in accordance with the categories set forth by the office of the U.S. Trustee.

---

[1] Gardere charges $0.15 per page for standard duplication and printing.  Gardere does not charge its clients for outgoing or incoming facsimile transmissions.  Gardere has a negotiated monthly rate for Westlaw computer-assisted legal research on certain covered databases.  This monthly discount is passed through pro rata to clients.  Research in databases not covered by this agreement are billed at full rates and passed through accordingly to the clients.  Computer-assisted legal research is used whenever the researcher determines that using Westlaw is more cost effective than using traditional (non-computer-assisted legal research) techniques.

**APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF**
**GARDERE WYNNE SEWELL LLP AS COUNSEL TO THE OFFICIAL COMMITTEE**
**OF UNSECURED CREDITORS EFFECTIVE AS OF SEPTEMBER 2, 2011 — PAGE 5 OF 9**

DALLAS 2262831v.1

       h.      Gardere reserves the right to apply to this Court, upon confirmation of any plan or plans of reorganization, for a fee enhancement for extraordinary results obtained under applicable bankruptcy law regarding fee enhancements.

11.      Gardere intends to apply to the Court for compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and Orders of this Court.

12.      As of the Petition Date, Gardere was not owed any money for legal services rendered or expenses provided to the Debtors before the Petition Date.

13.      Other than as permitted by the Bankruptcy Code, Gardere has neither shared nor agreed to share with any other person compensation received or to be received in these cases.

14.      Except as set forth below or in the Affidavit, the professionals at Gardere, to the best of the Committee's knowledge, do not represent any interest materially adverse to these estates, the United States Trustee, or any person employed by the office of the United States Trustee.

15.      Gardere has informed the Committee that, given its diverse practice and client base, it may represent clients in matters unrelated to these chapter 11 cases who are or become creditors of the Debtors. Gardere will not represent any person or entity in a transaction with the Debtors that conflicts or may conflict with Gardere's representation of the Committee in these cases.

16.      Furthermore, the Affidavit discloses all known connections of Gardere with the Debtors, the largest and material creditors of the Debtors, and other parties-in-interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

**APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF**
**GARDERE WYNNE SEWELL LLP AS COUNSEL TO THE OFFICIAL COMMITTEE**
**OF UNSECURED CREDITORS EFFECTIVE AS OF SEPTEMBER 2, 2011 — PAGE 6 OF 9**

DALLAS 2262831v.1

17. The Committee believes that, based on the Affidavit attached hereto as <u>Exhibit A</u>, and except as set forth therein, Gardere is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code because neither Gardere, its partners, nor its associates:

    a.    are creditors, equity security holders or insiders of the Debtors;

    b.    are and were, within two (2) years before the Petition Date, a director, officer, or employee of the Debtors; and

    c.    has an interest materially adverse to the interests of these estates or of nay class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

18. Accordingly, the Committee submits that the employment of Gardere would be in the best interests of these estates.

**WHEREFORE**, the Committee respectfully requests that the Court enter an Order (a) authorizing the employment of Gardere as counsel to the Committee in this case effective as of September 2, 2011; (b) authorizing Gardere to be compensated at its standard hourly rates subject to applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and orders of this Court; and (c) awarding the Committee such other and further relief that this Court deems just and proper.

**APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF**
**GARDERE WYNNE SEWELL LLP AS COUNSEL TO THE OFFICIAL COMMITTEE**
**OF UNSECURED CREDITORS EFFECTIVE AS OF SEPTEMBER 2, 2011 — PAGE 7 OF 9**

DALLAS 2262831v.1

DATED: September 7, 2011

Respectfully submitted,

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

*/s/ Ashley Bracken, Jr.*
Ashley Bracken, Jr., Committee Chair


and


**GARDERE WYNNE SEWELL, LLP**

*/s/ Deirdre B. Ruckman*
Deirdre B. Ruckman (TX 21196500)
Holland N. O'Neil (TX 14864700)
1601 Elm Street, Suite 3000
Dallas, Texas 75201-4761
Telephone: 214.999.3000
Facsimile: 214.999-4667

PROPOSED COUNSEL TO THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS

**APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF
GARDERE WYNNE SEWELL LLP AS COUNSEL TO THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS EFFECTIVE AS OF SEPTEMBER 2, 2011 — PAGE 8 OF 9**

DALLAS 2262831v.1

Case 11-13686-j11    Doc 104    Filed 09/07/11    Entered 09/07/11 16:16:52 Page 8 of 26

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that the undersigned, on September 7, 2011, served a true and correct copy of the foregoing document via the Court's ECF system to all parties requesting notice in the case.

*/s/ Deirdre B. Ruckman*
Deirdre B. Ruckman

**APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF
GARDERE WYNNE SEWELL LLP AS COUNSEL TO THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS EFFECTIVE AS OF SEPTEMBER 2, 2011 — PAGE 9 OF 9**

**DALLAS 2262831v.1**

# EXHIBIT A: AFFIDAVIT

# IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW MEXICO

IN RE: §
§  CASE NO. 11-13686-JA
§
OTERO COUNTY HOSPITAL §
ASSOCIATION, INC. (d/b/a Gerald §
Champion Regional Medical Center), §
§
§
Debtor. §

## AFFIDAVIT OF DEIRDRE B. RUCKMAN IN SUPPORT OF APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF GARDERE WYNNE SEWELL LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS EFFECTIVE AS OF SEPTEMBER 2, 2011

STATE OF TEXAS )
) ss:
COUNTY OF DALLAS )

I, Deirdre B. Ruckman, being duly sworn, state the following under penalty of perjury.

1.       This Affidavit is being submitted in connection with the proposed retention of Gardere Wynne Sewell LLP ("**Gardere**") as counsel to the Official Committee of Unsecured Creditors (the "**Committee**") in the above-captioned cases and pursuant to the terms and conditions in the *Application for Order Authorizing Employment of Gardere Wynne Sewell LLP as Counsel to the Official Committee of Unsecured Creditors Effective as of September 2, 2011* (the "**Application**"),[1] which is being filed concurrently with this Affidavit.

2.       My name is Deirdre B. Ruckman.  I am over the age of twenty one and competent in all respects to make this Affidavit.  I am a partner with Gardere, which maintains offices at 1601 Elm Street, Suite 3000, Dallas, Texas 75201.  Unless otherwise stated herein, I have

---

[1] All capitalized terms not defined herein shall be given the meaning ascribed to them in the Application.

AFFIDAVIT OF DEIRDRE B. RUCKMAN IN SUPPORT OF
APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF GARDERE
WYNNE SEWELL LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS EFFECTIVE AS OF SEPTEMBER 2, 2011– PAGE 2 OF 17

DALLAS 2262833v.1

personal knowledge of all facts set forth in this Affidavit, and all statements made herein are true and correct.

3.     I am a member in good standing for the State Bar of Texas and am admitted to practice in the United States Bankruptcy Courts for the Northern, Southern, Western, and Eastern Districts of Texas, the Fifth Circuit Court of Appeals and the First Circuit Court of Appeals. There are no disciplinary proceedings pending against me.

4.     Gardere is a law firm with offices in Dallas, Houston, and Austin, Texas and Mexico City, Mexico.  Gardere is a full-service law firm with experience and expertise in all facets of legal practice, including bankruptcy, insolvency, corporate reorganization and debtor-creditor law.  Gardere is well qualified to act as counsel to the Committee in these cases.

## SERVICES TO BE PROVIDED

5.     The Committee has requested permission from this Court to retain Gardere as its counsel in these cases to provide the following services:

   a.     Advise the Committee on its rights, obligations, and powers in these cases and as required by section 1103 of the Bankruptcy Code;

   b.     Appear before this Court and others on the Committee's behalf on all matters involving these bankruptcy estates, the Committee, or these cases;

   c.     Prepare and file for the Committee all necessary applications, motions, pleadings, orders, reports and other legal papers, and appearing on the Committee's behalf in proceedings instituted by, against, or involving the Debtors, the Committee, or these cases;

   d.     Represent the Committee on any potential claim against or by third parties;

**AFFIDAVIT OF DEIRDRE B. RUCKMAN IN SUPPORT OF**
**APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF GARDERE**
**WYNNE SEWELL LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF**
**UNSECURED CREDITORS EFFECTIVE AS OF SEPTEMBER 2, 2011– PAGE 3 OF 17**

DALLAS 2262833v.1

e.    Assist the Committee in investigating and analyzing the acts, liabilities, and financial condition of the Debtors, the Debtors' assets and business operations, including disposition of those assets, and any other matters relevant to these cases and the interests of unsecured creditors;

f.    Assist the Committee in the examining claims filed against the Debtors to determine whether any asserted claims are objectionable or otherwise improper;

g.    Assist the Debtors in developing a plan of reorganization or liquidation (the "**Plan**") and in preparing an accompanying disclosure statement, any amendments to the Plan or disclosure statement, and any related agreements and/or documents;

h.    Advise the Committee on any potential sale or other disposition of any estate asset;

i.    Assist the Debtors in any potential sale of other disposition of any estate asset;

j.    Consult with the Debtors, their representatives, and professionals regarding the administration of these cases; and

k.    Perform all other legal services necessary for and requested by the Committee in connection with these cases and the Committee's duties therein.

6.    Subject to Court approval, Gardere will charge the Committee for its professional services as follows:

a.    Gardere will charge its standard hourly rates during this engagement, which are presently as follows:

| | |
|---|---|
| Partners | $380 to $815 |
| Associates | $195 to $445 |
| Paraprofessionals | $105 to $220 |

b.    The hourly rates set forth above are the standard hourly rates charged by Gardere with its other clients.  These rates are set at a level designed to fairly compensate Gardere for

**AFFIDAVIT OF DEIRDRE B. RUCKMAN IN SUPPORT OF**
**APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF GARDERE**
**WYNNE SEWELL LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF**
**UNSECURED CREDITORS EFFECTIVE AS OF SEPTEMBER 2, 2011– PAGE 4 OF 17**

DALLAS 2262833v.1

the work of its service team and to cover fixed and routine overhead expenses. These rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Gardere adjusts its hourly rates on April 1 of each year. Other attorneys and paralegals employed by Gardere, in addition to those identified below, may from time to time serve the Committee with the matters described herein.

c.  Gardere's primary team on this particular engagement will be Deirdre Ruckman ($655/hour), Holland O'Neil ($645/hour), Evan Baker ($230/hour), and Sharon Hawthorne ($185/hour). From time to time, additional support may be periodically provided to the Committee by other employees and partners of Gardere at standard rates noted above. Gardere will not charge for travel time from Dallas, Texas to Albuquerque unless the attorney is otherwise working on the case. All hourly rates charged by Gardere are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged for cases of this size and complexity.

d.  In addition to the compensation for services rendered, Gardere shall be reimbursed for all reasonable out-of-pocket expenses incurred relating directly to work performed for the Committee in these cases. Examples of such expenses include travel, lodging, meals, equipment and vehicle rental, clerical supplies, and services, and telephone, fax and photocopy charges. Gardere charges only the amount actually incurred by it in connection with such items.[2]

e.  To ensure compliance with all applicable deadlines and exigencies in these complex cases, Gardere will from time to time utilize the services of overtime secretaries and may seek reimbursement for the same. Gardere does not charge for secretarial and word-processing expenses incurred during the normal working day.

---

[2]Gardere charges $0.15 per page for standard duplication and printing. Gardere does not charge its clients for outgoing or incoming facsimile transmissions. Gardere has a negotiated monthly rate for Westlaw computer-assisted legal research on certain covered databases. This monthly discount is passed through pro rata to clients. Research in databases not covered by this agreement are billed at full rates and passed through accordingly to the clients. Computer-assisted legal research is used whenever the researcher determines that using Westlaw is more cost effective than using traditional (non-computer-assisted legal research) techniques.

AFFIDAVIT OF DEIRDRE B. RUCKMAN IN SUPPORT OF
APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF GARDERE
WYNNE SEWELL LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS EFFECTIVE AS OF SEPTEMBER 2, 2011– PAGE 5 OF 17

DALLAS 2262833v.1

     f.     Gardere shall seek compensation of its fees and expenses on an interim and final basis in accordance with section 330(a), the local rules of this Court, and other applicable orders of the Court.

     g.     Gardere will keep track of its billings on a tenth-of-an-hour basis with time charges allocated in accordance with the categories set forth by the office of the U.S. Trustee.

     h.     Gardere reserves the right to apply to this Court, upon confirmation of any plan or plans of reorganization, for a fee enhancement for extraordinary results obtained under applicable bankruptcy law regarding fee enhancements.

7.     Gardere intends to apply to the Court for compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and Orders of this Court.

8.     Other than in accordance with the Bankruptcy Code, no promises have been received by Gardere nor by any partner, counsel, or associate thereof as to compensation with these cases. Gardere has no agreement with any other entity to share with such entity any compensation received by Gardere in connection with these cases.

9.     Gardere further states that pursuant to Bankruptcy Rule 2016(b), it has not shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, of counsel, associates and contract attorneys associated with Gardere or (b) any compensation another person or party has received or may receive.

10.     Except as set forth below, none of the professionals at Gardere represents any interest materially adverse to these estates, the United States Trustee, or any person employed by the office of the United States Trustee.

**AFFIDAVIT OF DEIRDRE B. RUCKMAN IN SUPPORT OF APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF GARDERE WYNNE SEWELL LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS EFFECTIVE AS OF SEPTEMBER 2, 2011– PAGE 6 OF 17**

DALLAS 2262833v.1

## GENERAL DISCLOSURES

11.     Gardere has informed the Committee that it may have and may continue to provide legal advice, have other relationships with parties other than the Committee, or both. Gardere has also informed the Committee that it is not presently representing any party in these cases or with interests that conflict with those of the Committee.  Given its diverse practice and client base, Gardere may represent clients in matters unrelated to these chapter 11 cases who are or become creditors of the Debtors.  Gardere will not represent any person or entity in a transaction with the Debtors that conflicts or may conflict with Gardere's representation of the Committee in these cases.

12.     Gardere also understands that it is required to disclose to this Court any and all conflicts and connections with the Debtors, their creditors, and other parties-in-interest in these cases.

13.     To check and clear all potential conflicts of interests and connections in these cases, Gardere conducted a search of its electronic client database to ascertain its connections with parties-in-interest in these cases and to ensure that it is in compliance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of this Court regarding employment of estate professionals.  Gardere collected this information using the following procedures:

   a.     It prepared a comprehensive list of the types of entities who, according to the Debtors' records, have contacts with the Debtors.  Using this list and additional information identified by Gardere, it then assembled a list of the names of entities who may be parties-in-interest to these chapter 11 cases (the "**Potential Parties-in-Interest**").  A list of the Potential Parties-in-Interest is attached hereto as Exhibit A-1.

**AFFIDAVIT OF DEIRDRE B. RUCKMAN IN SUPPORT OF**
**APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF GARDERE**
**WYNNE SEWELL LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF**
**UNSECURED CREDITORS EFFECTIVE AS OF SEPTEMBER 2, 2011– PAGE 7 OF 17**

DALLAS 2262833v.1

b. Gardere has compiled from its conflict clearance and billing records a master database of the names of the entities for which any attorney time charges have been billed (the "**Client Database**"). The Client Database includes, among other things, the names of current and former clients, the name of the parties who are or were adverse to such client, and the names of the Gardere personnel who are responsible for current matters for such clients.

c. Gardere requested reports from the Client Database for the Potential Parties-in-Interest and reviewed these reports to identify whether the Potential Parties-in-Interest are clients of the firm. The attached Exhibit A-2 lists the parties that Gardere identified as clients. No client listed on Exhibit A-2 represents more than one percent (1%) of Gardere's fee receipts for the year ending March 31, 2008.

d. Gardere has reviewed the conflict reports for each party on Exhibit A-2 to determine that, to the best of its knowledge, it does not represent any of them in connection with the Debtors or these cases.

14. Gardere has thus undertaken a detailed review of its files to determine its connections with the Potential Parties-in-Interest and to make the disclosures contained herein. However, due to sheer number of the Debtors' creditors, Gardere is currently unable to completely and accurately reflect every possible connection between Gardere and the Debtors, their creditors, and other parties-in-interest. In addition, Gardere has over 280 attorneys located in four (4) different offices and additional connections unknown to me may exist. Gardere is continuing its review of its files and, if any additional connections are discovered, I will supplement this Affidavit to disclose any additional connections not disclosed.

15. Except as set forth in this Affidavit, and insofar I have been able to ascertain, neither I nor any partner, counsel, associate, or professional of Gardere has any current connection with the Potential Parties-in-Interest described on Exhibit A-1.

AFFIDAVIT OF DEIRDRE B. RUCKMAN IN SUPPORT OF
APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF GARDERE
WYNNE SEWELL LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS EFFECTIVE AS OF SEPTEMBER 2, 2011– PAGE 8 OF 17

DALLAS 2262833v.1

16.     Neither I nor any partner, counsel, or associate of Gardere, insofar as I have been able to ascertain, holds or represents any interest adverse to these estates, the United States Trustee, or any person employed by the office of the United States Trustee in matters on which we are to be engaged herein.  I am not aware of any claims that Gardere holds or would hold against these estates.  To the extent that I become aware of any additional relationship that may be relevant prior to the Court's determination of the Application, I will promptly file a supplemental affidavit disclosing such information.

17.     Gardere will not represent any person or entity in a transaction with the Debtors or these estates that may conflict with Gardere's representation of the Committee in these cases.

18.     As of the Petition Date, Gardere was not owed any money for legal services rendered or expenses provided to the Debtors before the Petition Date.

19.     Other than as permitted by the Bankruptcy Code, Gardere has neither shared nor agreed to share with any other person compensation received or to be received in these cases.

20.     Except as set forth below or in the Affidavit, the professionals at Gardere, do not represent any interest materially adverse to these estates, the United States Trustee, or any person employed by the office of the United States Trustee.

## SPECIFIC DISCLOSURES

21.     As specifically set forth below and in the attached exhibits, Gardere represents or has connections with certain of the Debtors' creditors, equity security holders, or other parties-in-interest in ongoing matters unrelated to the Debtors and these cases.  No representation described herein is materially adverse to the interests of these estates or any class of creditors or equity security holders thereof.  Moreover, pursuant to section 327(c) of the Bankruptcy Code,

**AFFIDAVIT OF DEIRDRE B. RUCKMAN IN SUPPORT OF**
**APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF GARDERE**
**WYNNE SEWELL LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF**
**UNSECURED CREDITORS EFFECTIVE AS OF SEPTEMBER 2, 2011– PAGE 9 OF 17**

DALLAS 2262833v.1

Gardere is not disqualified from acting as counsel to the Committee merely because it represents certain creditors of the Debtors, equity security holders of the Debtors, or other parties-in-interest in matters unrelated to these cases.

**AFFIDAVIT OF DEIRDRE B. RUCKMAN IN SUPPORT OF**
**APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF GARDERE**
**WYNNE SEWELL LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF**
**UNSECURED CREDITORS EFFECTIVE AS OF SEPTEMBER 2, 2011– PAGE 10 OF 17**

DALLAS 2262833v.1

**A.    Creditor Connections**

22.    As disclosed in <u>Exhibit A-2</u>, Gardere currently represents and formerly has represented certain creditors of the Debtors or entities associated with said creditors.  All such representations have been in matters unrelated to the Debtors and these cases.

23.    These past and present discrete and unrelated representations will have no impact or influence whatever on Gardere's duties and responsibilities on behalf of the Committee in these cases.

**B.    Connections to Professionals**

24.    Gardere may have worked with professionals identified on <u>Exhibit A-1</u> in other cases.  Gardere has not, however, represented and will not represent any such professional in these cases.  In addition, from time to time, Gardere has referred work to other professionals to be retained in these cases.  Likewise, certain such professionals have referred work to Gardere. That said, none of these prior working relationships with professionals involved in these cases will interfere with the discharge of Gardere's duties in representing the Committee in these cases.

**AFFIDAVIT OF DEIRDRE B. RUCKMAN IN SUPPORT OF**
**APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF GARDERE**
**WYNNE SEWELL LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF**
**UNSECURED CREDITORS EFFECTIVE AS OF SEPTEMBER 2, 2011– PAGE 11 OF 17**

DALLAS 2262833v.1

FURTHER AFFIANT SAYETH NOT.

_Deirdre B. Ruckman_
Deirdre B. Ruckman

SUBSCRIBED AND SWORN TO BEFORE ME this ___7th___ day of ___September___, 2011.

_Sandra Martinez_
Notary Public in and for the
State of TEXAS

SANDRA MARTINEZ
Notary Public
State of Texas
My Comm. Expires 12-06-2011

**AFFIDAVIT OF DEIRDRE B. RUCKMAN IN SUPPORT OF
APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF GARDERE
WYNNE SEWELL LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS EFFECTIVE AS OF** September 2, 2011– Page 12 of 17

**EXHIBIT A-1 TO AFFIDAVIT**

**POTENTIAL PARTIES IN INTEREST LIST**

1. Alamogordo Imaging Center
2. Alamogordo Surgical Ventures
3. Gerald Champion Regional Medical Center
4. Otero County Hospital Association
5. White Sands Health Care
6. American Health Facilities Development LLC
7. Community Health Services
8. Community Health Systems, Inc.
9. Triad Healthcare Corporation
10. QHR International LLC
11. Quorum Health Resources, LLC
12. Software Sales Corporation
13. Anderson, Jaime
14. Arnold, Norm
15. Austin, Arthur
16. Baker, Fred
17. French, Robin
18. Harris, James
19. Heckert, Robert J.
20. Horrar, James L.
21. Jackson, Gary
22. Mayton, William
23. Mershon, William
24. Richardson, Greg
25. Smith, Wayne T.
26. Thomassie, Lisa
27. All Risks, Ltd.
28. American Hallmark Insurance Company of Texas
29. Chubb Group of Insurance Companies
30. CAN
31. Darwin National Assurance Company
32. Ohio Casualty insurance
33. Western Insurance Company
34. Bank of America
35. Bank of New York
36. City Of Alamogordo, New Mexico
37. Emcare
38. Cerner
39. Cardinal Health Pharm.

**APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF**
**GARDERE WYNNE SEWELL LLP AS COUNSEL TO THE OFFICIAL COMMITTEE**
**OF UNSECURED CREDITORS EFFECTIVE AS OF SEPTEMBER 2, 2011 — PAGE 13 OF 17**

DALLAS 2262833v.1

40. Cardinal Health Allegiance
41. Universal Hospital Services
42. PNM Electric
43. Airgas
44. Energy Control, Inc.
45. Milestone Healthcare
46. Stryker Orthopaedics
47. Gulf Coast Pharm/Accord
48. 3M Health Information
49. Medline Industries Inc.
50. Diamond Healthcare
51. E-Pharm Pro
52. ASD Healthcare
53. Cardinal Health NPS
54. Bio-Met Sports Med
55. Laurie K. Baker and
56. Ronald Baker
57. Phillis Barnett
58. Ann Berry
59. James Boren
60. David L. Burton
61. Helen Burton
62. Edna O. Chavez
63. John I. Chavez
64. Steven Chavez
65. Tony S. Chavez
66. Rita Chavez
67. Maria Nora Coyazo
68. James Cross
69. Wanda Cross
70. Marjorie Curtis
71. Lavine M. Durden
72. Dale Fox
73. Phyllis Fox
74. Darrell Gilmore
75. Susan Gilmore
76. Frank M. Guerrero
77. Kent Gwynne
78. Elizabeth Gwynne
79. Mela Herrera
80. Jake Herrera
81. Linda Hoefler
82. Victor Wilkerson
83. Paul A. Houston

**APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF**
**GARDERE WYNNE SEWELL LLP AS COUNSEL TO THE OFFICIAL COMMITTEE**
**OF UNSECURED CREDITORS EFFECTIVE AS OF SEPTEMBER 2, 2011 — PAGE 14 OF 17**

DALLAS 2262833v.1

84. Shirley Huebert
85. Ivan S. Jackson
86. Nancy L. Jonsson
87. Annabelle Lindley
88. Jearl Lindley, M.D.
89. Cecil Lunceford
90. Gayle Lunceford
91. Gayle Lunceford
92. Cecil Lunceford
93. Melissa Mackechnie
94. Gilbert C. Marquez
95. Marie Marquez
96. Manuel Martinez
97. Darlene Martinez
98. Wiley Munsey
99. Ann Munsey
100. John F. O'Byrne
101. Laverne O'Byrne
102. Barbara A. Pace
103. James Pace
104. Mary M. Quappe
105. David Quappe
106. William J. Rogers
107. Patricia E. Rue
108. Gary T. Rue
109. Chrystal L. Sauls
110. Susan Schwarzenegger
111. James Silva
112. Phillip R. Simmons
113. Desiree A. Smith
114. Henry Smith
115. Mark A. Stewart
116. Thomas T. Sullivan
117. Pat Sullivan
118. Kathy J. Swope
119. Jimmy L. Swope
120. Alice Tompkins
121. Val L. Turnbull, Jr.
122. Carel Turnbull
123. David Warden
124. Ronald Whiteley
125. Marilyn Whiteley

**APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF
GARDERE WYNNE SEWELL LLP AS COUNSEL TO THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS EFFECTIVE AS OF SEPTEMBER 2, 2011 — PAGE 15 OF 17**

DALLAS 2262833v.1

## EXHIBIT A-2 TO AFFIDAVIT

The following is a list of the various entities having connections with the Debtor that Gardere Wynne Sewell LLP ("GWS") has in the past represented, currently represents or may in the future represent on matters unrelated to the Debtor and its chapter 11 case, or have otherwise been involved in litigation or transactional matters unrelated to the Debtor and its chapter 11 case. In many instances, GWS does not represent the entity itself, but rather an affiliate or subsidiary of the entity.

| LENDERS | | |
|---|---|---|
| **Name of Entity Searched** | **Name of Entity or Affiliate of Entity that was a Gardere Client** | **Brief Description of Representation** |
| Bank of America | Bank of America Leasing & Capital LLC<br>Bank of America N.A. | GWS has advised and/or represented this client on matters unrelated to the Debtor, including as lender, agent, investor, seller, arranger and in connection with credit finance, lease transactions, acquisitions, security, employment, tax, and litigation matters, and general legal advice. GWS no longer represents Bank of America or its affiliates. |

| TOP 20 CREDITORS | | |
|---|---|---|
| **Name of Entity Searched** | **Name of Entity or Affiliate of Entity that is a Gardere Client** | **Brief Description of Representation** |
| Cardinal Health | Cardinal Health | GWS has represented this client on a variety of matters unrelated to the Debtor. |

**APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF**
**GARDERE WYNNE SEWELL LLP AS COUNSEL TO THE OFFICIAL COMMITTEE**
**OF UNSECURED CREDITORS EFFECTIVE AS OF SEPTEMBER 2, 2011 — PAGE 16 OF 17**

DALLAS 2262833v.1

| INSURANCE | | |
|---|---|---|
| **Name of Entity Searched** | **Name of Entity or Affiliate of Entity that was a Gardere Client** | **Brief Description of Representation** |
| Chubb Group of Insurance Companies | Chubb Insurance<br>Chubb Executive Risk<br>Chubb Group of Insurance Companies | GWS has advised and/or represented these clients on matters unrelated to the Debtor. GWS no longer represents these clients. |
| Western Insurance Company | Western General Insurance Company<br>Western Pacific Insurance Company | |

| OTHER PARTIES IN INTEREST | | |
|---|---|---|
| **Name of Entity Searched** | **Name of Entity or Affiliate of Entity that was a Gardere Client** | **Brief Description of Representation** |
| The Bank of New York Trust Company, N.A., as Trustee | Bank of New York Trust Company, NA, as Trustee | GWS has advised and/or represented this client on matters unrelated to the Debtor, including as lender, agent and as Trustee. GWS no longer represents this client. |

**APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF GARDERE WYNNE SEWELL LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS EFFECTIVE AS OF SEPTEMBER 2, 2011 — PAGE 17 OF 17**

**DALLAS 2262833v.1**